IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 2:17-CR-015-D (02) |
| VS. | § | |
| | § | |
| STACIE MICHELLE MILLER, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Stacie Michelle Miller ("Miller") was convicted of possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting. On August 16, 2017 the court sentenced her to 60 months' imprisonment, to be followed by five years of supervised release. Miller, currently 28 years old and incarcerated at FCI-Danbury, is scheduled to be released on May 18, 2021. She moves for immediate release to home confinement. The court denies the motion for the reasons that follow.

I

On April 20, 2020, citing the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, Miller moved for "immediate release to home confinement." The government filed a response in opposition on May 13, 2020.

> It is important to distinguish between the CARES Act, on the one hand, and [18 U.S.C.] § 3582 as amended by the First Step Act on the other. The CARES Act was the federal government's comprehensive response to the COVID-19 crisis and certain provisions addressed the release of eligible inmates in the prison population. The CARES Act expanded the [Bureau of Prison's ("BOP's")] authority under 18 U.S.C. § 3624(c)(2) to release prisoners from custody to home confinement.

*United States v. Depron*, 2020 WL 2308636, at *1 n.1 (E.D. La. May 8, 2020).

But neither the CARES Act nor the First Step Act authorizes the court to release an inmate

to home confinement.  *See id.* (noting that even under § 3642(c)(2), as amended by the CARES Act, "home confinement determinations rest with the BOP"); *United States v. Rakestraw*, 2020 WL 2119838, at *2 (N.D. Tex. Apr. 14, 2020) (Rutherford, J.) ("To the extent [the defendant] requests an order that he be transferred to home confinement, the motion is without merit.  The First Step Act does not provide the court authority to modify a Defendant's place of incarceration." (collecting cases)), *rec. adopted*, 2020 WL 2114844 (N.D. Tex. May 1, 2020) (Lynn, C.J.).

Accordingly, for these reasons, the court denies Miller's motion for immediate home confinement.

## II

To the extent that Miller's *pro se* motion may be construed as requesting compassionate release under § 3582(c)(1)(A), as amended by the First Step Act, the court denies this request without prejudice because Miller has not shown that she has exhausted any applicable administrative remedies.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed.  *See* 18 U.S.C. § 3582(c).  Under § 3582(c)(1)(A), as amended by the First Step Act, "[a] court, on a motion by BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'"  *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1.  The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Miller does not allege that she has exhausted her administrative remedies by requesting compassionate relief from the BOP.  Section 3582(c)(1)(A)'s exhaustion requirement is "a glaring

roadblock foreclosing compassionate release" where "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also, e.g., United States v. Orellana*, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020); *United States v. Clark*, 2020 WL 1557397, at *1, *3 (M.D. La. Apr. 1, 2020).

Nor does Miller allege a basis to excuse her failure to exhaust administrative remedies in the unique circumstances of the COVID-19 pandemic.  *See Raia*, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (citations omitted)); *see also United States v. Gross*, 2020 WL 1673244, at *2 (S.D.N.Y. Apr. 6, 2020) ("[T]he statute includes an exhaustion requirement in recognition of the fact that 'BOP is frequently in the best position to assess, at least in the first instance, a defendant's conditions, the risk presented to the public by his release, and the adequacy of a release plan.'" (citation omitted)).

*        *        *

Accordingly, Miller's motion for immediate release to home confinement is denied.

**SO ORDERED**.

May 15, 2020.

SIDNEY A. FITZWATER
SENIOR JUDGE